IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CRISTIAN LOPEZ-SIERRA** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **HOME DEPOT U.S.A., INC., AND** | § | JURY TRIAL DEMANDED |
| **THE HOME DEPOT, INC.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff Cristian Lopez-Sierra ("Mr. Lopez-Sierra"), complaining of Defendant Home Depot U.S.A., Inc. and The Home Depot, Inc. ("Defendants") and would respectfully show this Honorable Court the following:

## I.
## PARTIES

1. Plaintiff Cristian Lopez-Sierra is an individual who is a citizen of the State of Texas.

2. Defendant Home Depot U.S.A., Inc., is a foreign for-profit corporation conducting business within the State of Texas and may be served with process through its Registered Agent, <u>Corporation Service Company d/b/a CSC – Lawyers Incorporating Service</u> at <u>211 E. 7th Street, Suite 620, Austin, Texas 78701.</u>

3. Defendant The Home Depot, Inc. is a foreign corporation with a home office at 2455 Paces Ferry Rd. SE Atlanta, GA 30339. Defendant The Home Depot, Inc. is engaging in business in the State of Texas within the meaning of §17.042 of the Texas Civil Practice and Remedies Code. Defendant The Home Depot, Inc. does

business and is doing business in the State of Texas and in Fort Bend County, Texas, in that it generates profit from its business activities in Texas, namely through the sale of home improvement goods and services; it has a substantial connection with Texas arising from actions it purposely directs towards Texas and from which it benefits; and it committed a tort in whole or in part in the State of Texas. Defendant The Home Depot, Inc. does not maintain a regular place of business in the State of Texas or an active designated agent for service of process. Therefore, service of process may be accomplished by serving duplicate copies of process upon the Georgia Secretary of State as follows: <u>The Corporations Division of the Secretary of State's Office</u>, 2 Martin Luther King Jr. Drive, Ste. 313 West Tower, Atlanta, GA 30334-1530. The Secretary of State will then immediately mail a copy of the process by registered or certified mail, return receipt requested to the person in charge of Defendant The Home Depot, Inc.'s business at its home office address as follows:

The Home Depot, Inc.<br>
2727 Paces Ferry Road<br>
Atlanta, GA 30339

In addition, Tex. R. Civ. P. 108 permits service in another state when the defendant is a nonresident of Texas in the same form as prescribed for citation to a resident defendant. Accordingly, Plaintiff requests that the Clerk of the Court serve process by registered mail or by certified mail, return receipt requested on The Home Depot, Inc. as follows:

The Home Depot, Inc.<br>
c/o CSC of Cobb County, Inc., Registered Agent<br>
192 Anderson Street S.E., Ste. 125<br>
Marietta, GA 30060

## II.
## JURISDICTION

4. This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## III.
## BACKGROUND FACTS

5. This lawsuit becomes necessary in order for Cristian Lopez-Sierra to recover a legal debt owed by Defendants in the form of damages he sustained on or about December 20, 2019, while shopping at a Home Depot store located at 5900 Hwy 6, Missouri City, TX 77459.

6. At that time, Mr. Lopez-Sierra, a customer, had entered the premises as a business invitee to whom Defendant Home Depot owed the duty to use ordinary care in making its premises reasonably safe and/or warning Mr. Lopez-Sierra of any dangerous conditions and/or activities existing upon the premises.

7. Based on information and belief, on the occasion in question, an employee and/or agent of Defendants caused a box to fall approximately 10-15 feet, striking Mr. Lopez-Sierra.

8. Defendants are engaged in the sale of home improvement goods and services throughout the United States, including Texas.

9. As a result of the incident, Plaintiff sustained serious personal injuries resulting in incapacities and damages.

## IV.
## NEGLIGENT ACTIVITY

10. At the time of the incident, Defendants directed their employee or agent to position boxes during business hours and in the presence of business invitees. Defendants owed a duty of reasonable care and failed in that duty, resulting in the simultaneous and contemporaneous falling of the box and Mr. Lopez-Sierra's resulting injuries.

11. At all times material hereto, all of the agents, servants, and employees of Defendants, including but not limited to the acting and / or supervising employees or agents of Defendants who were connected with the occurrence made the subject of this cause of action were acting within the course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by Defendants.

12. The above acts or omissions by Defendants singularly or collectively, constituted negligence as a matter of law proximately causing Plaintiff's injuries and damages.

## V.
## PREMISES LIABILITY

13. Pleading in the alternative, Defendants owned, managed, maintained, and/or otherwise controlled the premises on which Plaintiff was injured and on which business invitees may enter during business hours to view and purchase home improvement goods and services at their leisure. Defendants knew, or in the exercise of

ordinary care, should have known of the unreasonably dangerous condition of the premises caused by boxes stacked in an unreasonably dangerous manner. Defendants owe invitees the duty to inspect the premises to discover latent defects, particularly those of their employees and/or agents' own making. Defendants had constructive notice of the unreasonably dangerous condition either from the placement of the boxes by their own employees and/or agents, or when a reasonably careful inspection, even prior to the movement of said boxes, would have revealed the dangerous condition on the premises. Defendants owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff and other invitees from unreasonably dangerous conditions on the premises or warn of their existence. Defendants did not make the condition reasonably safe, nor did they adequately warn Plaintiff of the dangerous condition. Plaintiff alleges that the injuries and damages he sustained were proximately caused by the dangerous condition on the premises.

14.     The aforementioned acts and omissions, and the resulting serious injuries, were caused directly and proximately by the negligence of Defendants. More specifically, Defendants failed to use ordinary care by various acts and omissions, which were negligent in many respects, including, but not limited to, each of which singularly or in combination with others, was proximate cause of the occurrence in question:

- a) In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises during business hours;
- b) In failing to correct the unreasonably dangerous condition which was created by the unsafe condition of the premises in question;
- c) In failing to warn invitees, including Plaintiff, of the dangerous condition of

    the premises in question;

 d) In failing to properly inspect the premises in question to discover the unreasonably unsafe condition created by the dangerous condition in question;

 e) In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

 f) In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe; and

 g) In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe.

15. Each of the above and foregoing acts and/or omissions, whether taken singularly or in combination with others, constitutes negligence that proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. As a result of such negligence, Mr. Lopez-Sierra has been harmed in a sum that is within the Court's jurisdictional limits.

## VI.
## DAMAGES

16. As a result of this occurrence, Plaintiff has sustained substantial damages as described below.

17. If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of incident, Plaintiff would show unto the Court and jury that the same was neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

18. As a further result of such occurrence, Plaintiff has incurred medical expenses in the past, and will incur in reasonable probability, medical expenses in the future and such expenses are and will be reasonably necessary for the injuries sustained and are and will be reasonable and customary as incurred.

19. As a further result of such occurrence, Plaintiff has suffered physical pain and mental anguish in the past, and will suffer, in reasonable probability from physical pain and mental anguish in the future; and Plaintiff has suffered physical impairment in the past, and will suffer, in reasonable probability, from physical impairment, in the future.

20. In view of all matters alleged herein, Plaintiff seeks these and all other damages to which he may be entitled, the sum of money, if paid now in cash, that would fairly and reasonably compensate Plaintiff for his actual damages is a sum of money substantially in excess of the minimum jurisdictional limit of this Court.

21. Plaintiff pleads for any and all prejudgment and post-judgment interest at the highest legal rate allowed by law.

## VII.
## JURY DEMAND

22. Plaintiff asserts his rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues, in accordance with Federal Rule of Civil Procedure 38.

## VIII.
## PRAYER

23. WHEREFORE, PREMISES CONSIDERED, Plaintiff, Cristian Lopez-Sierra prays that Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. be cited to

appear and answer herein; that upon final trial hereof Plaintiff have judgment of the court against Defendants for their damages described above in the full amount allowed by law, together with costs of court, pre-judgment and post-judgment interest, and for relief, both general and special, at law or in equity, to which Plaintiff is justly entitled to receive.

Respectfully submitted,

**DAX F. GARZA, P.C.**

By _____

Zane P. Aubert
Attorney-In-Charge
S.D. Tex. Bar No. 3597995
Texas Bar No. 24109600
Dax F. Garza
S.D. Tex. Bar No. 29404
Texas Bar No. 24030514
1021 Main Street, Suite 1400
Houston, Texas 77002
(713) 522-3000
(713) 522-3001 Fax
zane@daxgarzalaw.com
dax@daxgarzalaw.com

**ATTORNEY FOR PLAINTIFF
CHRISTIAN LOPEZ-SIERRA**